Sklover, Donath & Felber, LLC
Cara A. O'Sullivan [CAO-0570]
Ten Rockefeller Plaza
Suite 816
New York, New York 10020
(212) 757-5000
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ALTI SKENDERI,

                  Plaintiff,

   -against-

GUARDIAN SERVICE INDUSTRIES, INC.,
HOWARD BRESSLER, ALAN BRESSLER,
and SANDY HERZFELD,

               Defendants.
-----------------------------------------------------------------X

09 CV 9191 (DLC)

**COMPLAINT**

ECF Case

JURY TRIAL
DEMANDED

     Plaintiff, Alti Skenderi, by his attorneys Sklover, Donath & Felber, LLC,

complaining of Defendants Guardian Service Industries, Inc. (referred to as "Guardian"),

Howard Bressler, Alan Bressler and Sandy Herzfeld (collectively referred to as

"defendants"), allege:

## NATURE OF THE ACTION

1.    This action is brought for unpaid overtime wages and other violations pursuant to

the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* (the "FLSA"), and the

New York Labor Law, §§ 190, *et seq.* (the "NYLL").

2.    In addition, this action is for redress against defendants' retaliation against plaintiff, by terminating his employment, after plaintiff complained about the failure to be compensated for all hours worked in excess of forty (40) hours worked per week, in violation of the FLSA and the NYLL.

3.    Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, compensation and credit of the differences between the overtime wages due and the hourly wages actually paid to plaintiff, liquidated damages, punitive damages, interest, reinstatement, attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

4.    This Court has subject matter jurisdiction of this case under 28 U.S.C. §1331 pursuant to claims asserted under the FLSA and has supplemental jurisdiction over plaintiff's state law claims under the NYLL conferred by 28 U.S.C. § 1367(a).

## VENUE

5.    Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred within this District.  Defendant Guardian, by and through their owners, conducts business in the district and exists under the laws of the State of New York. Further, Plaintiff was employed in this District.

## THE PARTIES

6.    Plaintiff resides at 343 Sheffield Street, Staten Island, New York.

7.    Plaintiff worked in the offices of Guardian at 161 Avenue of the Americas, New York, New York, and at the offices of Guardian's clients in various locations throughout New York City.

8.    Plaintiff was employed as a route supervisor/cleaner at Guardian from approximately September 1989 through September 2009.

9.    Plaintiff duties included cleaning the offices and facilities of Guardian's clients, maintaining cleaning supplies for Guardian and verifying that the offices and facilities of defendants' clients were cleaned.

10.   Plaintiff's work duties required neither discretion nor independent judgment.

11.   From on or about January 1, 1998 until approximately September 2009, plaintiff regularly worked in excess of forty (40) hours per week.

12.   Plaintiff worked from 4:00 p.m. to 4:00 a.m. five to six days a week.

13.   Prior to 2009 plaintiff was paid on an hourly basis for work up to forty (40) hours per week and paid a flat amount with no withholding taxes for hours worked in excess of forty hours.

14.   Starting in 2009, plaintiff was paid on an hourly basis for all hours worked.

15.   Upon information and belief, defendants did not provide plaintiff with any documents or offer statement of accounting for plaintiff's actual hours worked and setting forth the rate of pay for all of plaintiff's hours worked.

16.   Upon information and belief, no notification was given to plaintiff regarding wages as required under the FLSA or the NYLL.

17.   Defendant Guardian is a New York Corporation that provides facility operations and maintenance services in the New York Metropolitan area and is principally located at 161 Avenue of the Americas, New York, New York 10013.

18.   Defendant Howard Bressler (hereinafter referred to as "H. Bressler") is an individual engaged in business in this judicial district.

19.   Defendant H. Bressler is sued individually in his capacity as owner, officer and/or agent of Guardian.

20.   At all time relevant, H. Bressler possessed an ownership interest in Guardian and controlled, and had authority regarding the determination of wages and compensation of Guardian employees, their work schedules, and had the authority to hire and fire employees.

21.   Defendant Alan Bressler (hereinafter referred to as "A. Bressler") is an individual engaged in business in this judicial district.

22.   Defendant H. Bressler is sued individually in his capacity as owner, officer and/or agent of Guardian.

23.   At all time relevant, A. Bressler possessed an ownership interest in Guardian and controlled, and had authority regarding the determination of wages and compensation of Guardian employees, their work schedules, and had the authority to hire and fire employees.

24.   Defendant Sandy Herzfeld (hereinafter referred to as "Herzfeld") is an individual engaged in business in this judicial district.

4

25.   Defendant Herzfeld is sued individually in his capacity as owner, officer and/or agent of Guardian.

26.   At all time relevant, Herzfeld possessed an ownership interest in Guardian and controlled, and had authority regarding the determination of wages and compensation of Guardian employees, their work schedules, and had the authority to hire and fire employees.

27.   Defendants are associated and joint employers, act in interest of each other with respect to employees, pay employees by the same method and share control over the employees.

28.   At all relevant times, defendants were the plaintiff's employers within the meaning of the FLSA and NYLL.

29.   Defendants had the power to hire and fire plaintiff, control the terms and conditions of his employment and determine the rate and method of any compensation in exchange for plaintiff's services.

## THE FAILURE OF GUARDIAN TO PAY OVERTIME
## FOR ACTUAL HOURS WORKED

30.   The FLSA and NYLL require that employers pay all employees one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty (40) during any workweek, unless they are exempt from coverage.

31.   Plaintiff is not exempt from coverage under the FLSA and NYLL.

32.   Defendants regularly required plaintiff to work in excess of forty (40) hours per week without paying him the proper overtime wages.

33.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and the NYLL.

34.    Defendants unlawful conduct has been intentional, willful, and in bad faith and has caused significant damages to plaintiff.

35.    Upon information and belief, defendants failed to post the required notices to employees regarding applicable wage and hour requirements of the FLSA and NYLL.

## GUARDIAN'S RETALIATION AGAINST PLAINTIFF FOR HIS COMPLAINTS OF GUARDIAN'S FAILURE TO PAY OVERTIME

36.    Plaintiff complained to defendants about the failure of defendants to pay him time and one-half for all hours worked in excess of forty (40) hours per week.

37.    As a direct result of his complaints, defendants unlawfully retaliated against plaintiff and terminated his employment.

38.    Defendants unlawful conduct has been intentional, willful, and in bad faith and has caused significant damages to plaintiff.

## FIRST CAUSE OF ACTION
### (Violations of the Overtime Provisions of the FLSA)

39.    Plaintiff repeats and realleges paragraphs 1 through 38 as if fully set forth herein.

40.    At all times relevant to this action defendants were plaintiff's employers within the meaning of the FLSA § 203(d).

41.    At all times relevant to this action defendants were engaged in commerce or in industry or activity affecting commerce.

6

42.    Defendants constitute an enterprise within the meaning of the FLSA § 203 (r-s).

43.    Defendants intentionally or otherwise failed to pay plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek in violation of the FLSA § 207(4).

44.    Defendants failure to pay plaintiff was willful within the meaning of the FLSA § 255 (a).

45.    Plaintiff has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the NYLL)

46.    Plaintiff repeats and realleges paragraphs 1 through 45 as if fully set forth herein.

47.    Defendants willfully or otherwise, in violation of the NYLL and associated rules and regulations, failed to pay plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a workweek, in violation of the NYLL § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

48.    Defendants failed to pay plaintiff in a timely fashion, as required by Article 6 of the New York Labor Law.

49.    Defendants failure to pay plaintiff overtime compensation was willful within the meaning of the NYLL § 663.

50.    Plaintiff has been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
### (Fair Labor Standards Act – Retaliation)

51.    Plaintiff repeats and realleges paragraphs 1 through 50 as if fully set forth herein.

52.    It is unlawful under the FLSA "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act . . ."

53.    Plaintiff complained about defendants' failure to pay him for all hours worked in excess of forty (40) hours per week.

54.    As a result of his complaints, defendants retaliated against plaintiff by terminating his employment in violation of the FLSA.

55.    Due to defendants' retaliation in willful violation of the FLSA, plaintiff is entitled to reinstatement and to recover compensatory damages, punitive damages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### (New York Labor Law – Retaliation)

56.    Plaintiff repeats and realleges paragraphs 1 through 55 as if fully set forth herein.

57.    It is unlawful under Section 215 of the NYLL to "discharge, penalize, or in any manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, that the employer has violated any provision of this chapter . . ."

58.     Plaintiff complained to defendants about defendants' failure to pay him for all hours worked in excess of forty (40) hours per week.

59.     As a result of his complaints, defendants retaliated against plaintiff by terminating his employment in violation of Section 215 of the NYLL.

60.     Due to defendants' retaliation in willful violation of Section 215 of the NYLL, plaintiff is entitled to reinstatement and to recover compensatory damages, punitive damages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.


## FIFTH CAUSE OF ACTION
### (Common Law – Retaliation)


61.     Plaintiff repeats and realleges paragraphs 1 through 60 as if fully set forth herein.

62.     It is unlawful in any manner to discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, that the employer has violated any provision of the law.

63.     Plaintiff complained to defendants about defendants' failure to pay him for all hours worked in excess of forty (40) hours per week.

64.     As a result of his complaints, defendants retaliated against plaintiff by terminating his employment.

65.     Due to defendants' retaliation, plaintiff is entitled to reinstatement and to recover compensatory damages, punitive damages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court enter judgment against Defendants:

a.    Declaring that the defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to plaintiff;

b.    Declaring that the Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to plaintiff's compensation, hours, wages and any deductions of credits taken against wages;

c.    Declaring that defendants' violation of the provisions of the FLSA were willful as to plaintiff;

d.    Awarding plaintiff damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

e.    Awarding plaintiff liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

f.    Declaring that defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to plaintiff;

g.    Declaring that defendants have violated the recordkeeping requirements of the NYLL with respect to plaintiff's compensation, hours, wages and any deductions or credits taken against wages;

   h.  Declaring that defendant's violations of the NYLL were willful as to plaintiff;

   i.  Awarding plaintiff damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the NYLL as applicable;

   j.  Awarding plaintiff liquidated damages in an amount equal to twenty-five percent (25%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

   k.  to award plaintiff damages for defendants' retaliation against plaintiff;

   l.  to award plaintiff liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to 29 U.S.C. §§ 216 and 260;

   m.  if liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

   n.  to award plaintiff reasonable attorneys' fees' and costs pursuant the FLSA and the NYLL;

   o.  to award reinstatement to plaintiff; and

   p.  to award such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Dated:     New York, New York
           November 4, 2009

SKLOVER, DONATH & FELBER, LLC

By:_____
        Cara A. O'Sullivan[CAO-0570]
Ten Rockefeller Plaza, Suite 816
New York, New York 10020
(212) 757-5000
*Attorneys for Plaintiff*